F I L E D
United States Court of Appeals
Tenth Circuit

JUL 29 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHRISTOPHER SMITH,

    Defendant-Appellant.

No. 98-1422
(D.C. No. 96-CR-491-S)
(Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Christopher Smith appeals from the district court's order of restitution on resentencing. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The facts of this case are set forth in this court's prior opinion, *United States v. Smith*, 156 F.3d 1046 (10th Cir. 1998)(*Smith I*). There we reversed the district court's prior order of restitution, stating in relevant part as follows:

> The district court ordered restitution in the amount of $1,209.98 to cover the cost of both guns stolen from the sporting goods store. . . .
>
> . . . .
>
> Mr. Smith argues that the district court ordered him to pay restitution in an amount greater than the loss he caused the sporting goods store. Although the record on appeal does not include a copy of the sentencing hearing transcript, both parties apparently agree that the government did not present evidence at the hearing concerning the appropriate amount of restitution.

*Id.* at 1057. Because the government bears the burden of proving the amount of loss for restitution purposes, we reversed for resentencing.

On resentencing, the government presented the court with a letter from Jumbo Sports stating that it "suffered a loss of two (2) 45 cal. Semi-Automatic Hand guns from its inventory. This occurred on January 15, 1996 and was due to theft. The amount of the 2 Hand guns amounted to $1209.98." The district court awarded restitution in the amount of $1209.98.

Mr. Smith first argues on appeal that the district court violated Mr. Smith's ex post facto rights by relying on the Mandatory Victim's Restitution Act. As he recognizes, however, this argument is foreclosed by this court's opinion in *United States v. Nichols*, 169 F.3d 1255,1279-80 (10th Cir. 1999), and we will therefore not consider it further.

Mr. Smith also argues that the law of the case precludes the district court from awarding restitution in the same amount it awarded in the first sentencing because we reversed the restitution award in the first appeal. We are not persuaded. Our decision in *Smith I* was based on the lack of a sentencing hearing transcript or any other evidence in the record on appeal supporting the restitution award. The fact that the original record in district court apparently contained the same or similar letter from Jumbo Sports is irrelevant since that letter was not before this court in the first appeal.

While Mr. Smith argues further that one of the guns was recovered and therefore the award should have been reduced accordingly, there is no evidence the gun was ever returned to the owner. The record reflects that the second gun was recovered in a used and battered condition, and that it was retained for evidence in the trial. The letter from Jumbo Sports declaring that it "suffered a loss of two" guns is sufficient to support the government's burden of establishing that Jumbo Sports in fact sustained the loss of two guns. The district court did not err in holding Mr. Smith responsible for the whole loss.

The judgment of the district court is **AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-3-